UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIRO FERNANDO HUETE-
ALVAREZ,

        Petitioner,

    v.

U.S. ATTY GENERAL PAM
BONDI, FIELD OFF. DIRECTOR
GARRETT J RIPA, TODD LYONS,
SECRETARY KRISTI NOEM,
SDFL US ATTORNEY'S OFFICE,

        Respondents,

Case No. 2:26-cv-600-KCD-NPM

## **ORDER**

Petitioner Jairo Fernando Huete-Alvarez has filed a habeas corpus petition challenging his immigration custody. The case started in the Southern District of Florida, but it was transferred here because of Petitioner's detention "at the Florida Soft Side South Detention Facility, nicknamed Alligator Alcatraz . . ., which lies in the Middle District of Florida." (Doc. 15 at 2.)[1] Before the transfer, the district court entered an injunction that prohibited Petitioner's removal "from the United States or the Southern District of Florida until further order of the Court." (Doc. 11 at 10.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Government now seeks clarification as to whether the injunction remains in place since the case was transferred to this Court. (Doc. 25.)

Regardless of where the injunction stands, the Court finds it inappropriate and thus **VACATES** that order. There is no jurisdiction to enjoin Petitioner's removal from the United States. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Petitioner—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). Staying Petitioner's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying]

2

claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

The rest of the injunction—prohibiting Petitioner's transfer from the Southern District of Florida—is moot because he is not (and never has been) in that jurisdiction. What is more, "a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025).

The Government's Motion for Clarification (Doc. 25) is thus **GRANTED** as set forth above.

**ORDERED** in Fort Myers, Florida on April 17, 2026.

Kyle C. Dudek
United States District Judge

3